**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-5007

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

CHRISTOPHER TYRONE SCOTT,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.    Malcolm J. Howard,
Senior District Judge.  (5:97-cr-00133-H-4)

Submitted:  April 27, 2012            Decided:   May 8, 2012

Before MOTZ, GREGORY, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas  P.  McNamara,  Federal  Public  Defender,  G.  Alan  DuBois,
Assistant Federal Public Defender, Eric J. Brignac, Research and
Writing  Specialist,  Raleigh,  North  Carolina,  for  Appellant.
Thomas  G.  Walker,  United  States  Attorney,  Jennifer  P.
May-Parker,  Kristine  L.  Fritz,  Assistant  United  States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Tyrone Scott appeals from his thirty-month sentence imposed pursuant to the revocation of his supervised release. Scott asserts that the district court erred by failing to address his arguments for a within-Guidelines sentence and by not providing adequate justification for the variance sentence.[*] We affirm.

A sentence imposed after revocation of supervised release should be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 438-39 (4th Cir. 2006). In making this determination, we first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). In making our review, we "follow generally the procedural and substantive considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the

---

[*] The Guidelines range was 8-14 months. The statutory maximum was 36 months.

2

unique nature of supervised release revocation sentences." Crudup, 461 F.3d at 438-39.

We should affirm if the sentence is not unreasonable. Id. at 439. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is *plainly* unreasonable." Id. "[T]he court ultimately has broad discretion to revoke its previous sentence and impose a term of imprisonment up to the statutory maximum." Id. at 439.

When imposing sentence, the district court must provide individualized reasoning. Where the sentencing court imposes a sentence outside the Guidelines range, it "'must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We "may consider the extent of the deviation [from the recommended Guidelines range], but must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) [2006] factors, on a whole, justify the extent of the variance." Gall v. United States, 552 U.S. 38, 51 (2007). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). The Carter rationale applies to

3

revocation hearings; however, "[a] court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010) (noting that a district court's reasoning may be "clear from context" and the court's statements throughout the sentencing hearing may be considered). Moreover, the Supreme Court has held that "[w]here a [sentencing] matter is . . . conceptually simple" and "the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively." Rita v. United States, 551 U.S. 338, 359 (2007).

Given the high level of discretion afforded to the district court, we conclude that the court's reasoning was sufficient. It is clear from a review of the record that the court listened attentively to Scott's arguments. The court questioned Scott about his statements and ensured that it fully understood the facts and contentions in the case. The court noted that it was considering the maximum sentence, but eventually imposed a sentence six months shorter after hearing argument. The court stated that it imposed a sentence above the Guidelines range based on the fact that Scott absconded from supervision and the conclusion that his criminal history posed a danger to society. While the court did not directly address

4

Scott's argument that his wife was requiring his sobriety as a condition of their marriage, the court did recommend intense drug treatment. Moreover, the resolve of Scott's wife was not a reasonable ground to impose a shorter sentence given Scott's criminal history and repeated violations of supervised release – she was a third party with no actual or apparent control over Scott.

Accordingly, we affirm Scott's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED